429 P.2d 4

**Donald C. ROGERS, Appellant,**

v.

**SMITH KLINE & FRENCH LABORATORIES, a Foreign Corporation, and William B. Steen, Appellees.**

**No. 2 CA-CIV 300.**

Court of Appeals of Arizona.

June 2, 1967.

Rehearing Denied June 16, 1967.

Review Denied Sept. 21, 1967.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellant.

O'Connor, Cavanagh, Anderson West-over, Killingsworth & Beshears, by George H. Mitchell, Phoenix, for appellees.

HATHAWAY, Chief Judge.

On January 4, 1966, the appellant, Donald C. Rogers, brought an action under A.R. S. § 12–611 for the wrongful death of his wife. Under the prescription of the appellees, Doctors Steen and Bernstein, Mrs. Rogers had purchased a drug manufactured by the appellee Smith Kline and French Laboratories. The next day, February 12, 1963, she took the drugs internally and subsequently suffered nausea and vomiting. This caused her to faint. She fell, struck her head and her death followed.

Appellant's wrongful death action was filed almost three years after his wife's death. The trial court granted a motion for summary judgment in favor of the appellees on the ground that Mr. Rogers' action was barred by the statute of limitations.

The following questions are presented:

1. Does A.R.S. § 12–504 toll the running of the two year statute of limitation for wrongful death actions?

2. If the wrongful death action results from breach of contract or warranty, will the longer contract statute of limitations apply?

In Arizona a cause of action for wrongful death is created through A.R.S. § 12-611, which provides:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured * * *."

The parties seem to agree that the statute limiting actions for wrongful death is A.R.S. § 12-542, which provides:

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

* * * * * *

"2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured."

The appellant argues that A.R.S. § 12-504 extends by one year the two-year limitation of A.R.S. § 12-542, previously set forth. A.R.S. § 12-504 provides:

"When a person dies in whose favor or against whom there is a cause of action, the limitation of the action ceases to run until twelve months after the death, unless an administrator or executor of the deceased person's estate. qualifies sooner, in which case the limitation shall cease to run only until such qualification."

In examining A.R.S. § 12-504, we note that the running of a statute of limitation is tolled, "when a person dies in whose favor * * * there is a cause of action * *." We cannot subscribe to the appellant's theory that when Mrs. Rogers died, a "cause of action" for wrongful death existed in her favor. Accepting the facts as presented in the appellant's brief as true, it is clear that prior to her death Mrs. Rogers had a cause of action for personal injuries. Since the cause of action for her wrongful death did not come into being until her death there never was, nor could there have been a cause of action in her favor for her wrongful death. In Estate of Lister, 22 Ariz. 185, 195 P. 1113 (1921) the Arizona Supreme Court said:

"The right of action [wrongful death] had no existence until after Ollie Lister died. He at no time had any interest therein or in any recovery thereon * * *."

■ The cause of action for wrongful death does not exist in favor of the decedent, rather it is for the benefit of survivors. In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966).

A.R.S. § 12-504, continues, "the limitation of *the action* ceases to run until twelve months after the death * * *" (emphasis supplied). The words "the action" refer back to the previously mentioned "cause of action" which existed in favor of the decedent prior to death.

With this interpolation the statute reads:

"When a person dies in whose favor * * * there is a cause of action, the limitation of the action [belonging to the decedent prior to death] ceases to run until twelve months after the death * * *."

■ The statute can only apply to toll limitations where a person has a cause of action prior to his death, and then dies. The paradox in urging that a limiting period for a wrongful death action ceases to run at death is apparent, since the action does not come into existence until death. Generally, the cause of action for wrongful death accrues and the statute runs from the date of death. 22 Am.Jur.2d Death § 40. A cause of action accrues whenever one person may sue another. The statute of limitations

then begins to run. Norton v. Steinfeld, 36 Ariz. 536, 288 P. 3 (1930). The beneficiaries under the act cannot sue until the wrongful death occurs. Thus, the cause of action accrues at death and the statute begins to run.

Other jurisdictions, where the statutes creating the right include a built-in limitation, have held that the commencement of the wrongful death action runs from the date of death, and not when the personal representative is appointed. Bickford v. Furber, 271 Mass. 94, 170 N.E. 796, 70 A.L. R. 469 (1930); 25A C.J.S. Death § 54, p. 744. We reach the same result in construing A.R.S. § 12–504, although, our wrongful death statute has a separate limitation statute specifically referring to wrongful death rather than a built-in limitation.

■ Cases which appellant relies on to support his argument that the wrongful death statute of limitations is tolled by A.R.S. § 12–504, including Stockmen's State Bank v. Merchants' & Stockgrowers' Bank, 22 Ariz. 354, 197 P. 888 (1921), are distinguishable from the case before us, because they dealt with actions possessed before death. It must be noted that wrongful death statutes create a *new* cause of action for the benefit of the beneficiaries named in the statute. Under such statutes, the recovery is not an asset of the estate of the deceased. Our Supreme Court has affirmed this:

> "This statute [A.R.S. § 2145 et seq., 1887, which was readopted in 1956 as A. R.S. § 12–612] created a new cause of action for the benefit of the beneficiaries named in the statute, but recovery under such statute is not an asset of the deceased's estate." In re Estate of Milliman, 101 Ariz. 54, 60, 415 P.2d 877, 883 (1966).

Appellant contends that the statute of limitations controlling a wrongful death action based on breach of implied warranty is either the three or six-year limitation for breach of contract. He asks that we apply the statute of limitations of the underlying cause of action. Most strongly argued is the three-year limitation of A.R.S. § 12–543 for a debt not evidenced by a contract in writing. It is urged that a "debt" includes claims for breach of contract or warranties from which, it is argued, follows defendants' "indebtedness" to Mr. Rogers for his wife's death.

■ The general rule is that where a special statute of limitations as to wrongful death action is provided, then it controls regardless of the tort, contract or breach of warranty aspects of the case. 25A C.J.S. Death § 53(a); 22 Am.Jur.2d Death § 35, p. 632. Appellant counters this rule by arguing there is no "built-in" limitation in A.R.S. § 12–611.

■ We think that a limitation may be special, hence "qualifying the right" where the limitation clause is found in a different statute as well as when found in the same statute [or act] "provided it is directed to the newly created liability so specifically as to warrant saying that it qualified the right." 34 Am.Jur.Limitation of Actions § 7, p. 17.

Literally A.R.S. § 12–542, subsec. 2 provides a two-year statute of limitation for *actions for injuries* done to the person of another. The gist of the Arizona wrongful death act is an action for the damage sustained by the survivors. Strictly speaking, since A.R.S. § 12–542 refers to an action " * * * for injuries done to the person of another when death ensues * * * " it is not the type of action to which A.R.S. § 12–542 refers.

We believe that the legislative intent is unveiled by delving into the history of the controlling statutes. In the 1901 Code, the wrongful death act (§§ 2764–2766) in § 2766 specifically provided that the action must be brought a year from the date of death. In the 1913 Code the specific limitation period incorporated in the wrongful death act was changed to two years (§ 2375). In the 1928 Code the period of limitations was deleted. From 1928 to the

present, the wrongful death act has not had a self-contained statute of limitations. The two-year statute of limitation for injuries resulting in death has been continuously present. Until 1955 the actions which survived death were limited to goods and trespasses to real property. We note that a two-year limitation was provided in the last statute of limitation incorporated in the wrongful death act found in the 1913 Code.

The authority of the code commissioner was to collect and recast laws for the 1928 Code by eliminating redundancies and simplifying language. Apparently the legislature intended that the predecessor of A.R.S. § 12–542, subsec. 2 would cover wrongful death actions and that two statutes of limitations covering the same thing was unnecessary. Otherwise, A.R.S. § 12–542, subsec. 2 would have been superfluous, and applicable to nothing until the new survival statute of 1955.[1]

 In view of the foregoing, we conclude that A.R.S. § 12–542, subsec. 2 is specifically directed to the wrongful death action,[2] so that it controls rather than the limitation period of the underlying cause of action.

For the reasons stated, we affirm the lower court.

MOLLOY and KRUCKER, JJ., concur.

1. Until 1955 the survival action provided:
 "The executor or administrator may maintain action against any person who has wasted, destroyed, taken or carried away or converted to his own use the goods of his testator or intestate, or committed trespass on the real property of the decedent in his lifetime. Any person, or his personal representative, may maintain an action against the executor or administrator of a decedent who in his lifetime has wasted, destroyed, taken or carried away or converted to his own use the goods or chattels of any such person, or committed any trespass on the real property of such person. [R.S.1901, §§ 1827, 1828; 1913, §§ 968, 969; cons. & rev., R.C.1928, § 4003.]"
 The old limited provision was succeeded by A.R.S. § 14–477 which essentially

states that "every cause of action * * * shall survive the death of a person * * *."

2. Spieser in his text, Recovery for Wrongful Death, lists Arizona in the jurisdictions having a two-year limitation on wrongful death actions. (See pp. 615, 780–781).
 In O'Neal v. National Cylinder Gas Co., 103 F.Supp. 720 (1952), Illinois District Judge Perry ruled, inter alia, that the two-year limitation of the 1939 Code, A.R.S. § 29–202, subsec. 5 [predecessor of A.R.S. § 12–542, subsec. 2] was applicable to Arizona's wrongful death action, rather than Arizona's one year period of limitation for an action "upon liability created by statute."