[Civ. No. 32758. First Dist., Div. Two. Sept. 3, 1974.]

BYRON C. PRITCHARD, Plaintiff and Appellant, v.
DALE L. SHARP, Defendant and Respondent.

## COUNSEL

Kern, Vanlue & Holdrich and Larry F. Holdrich for Plaintiff and Appellant.

Jageman & McGraw and William E. Jageman for Defendant and Respondent.

## OPINION

**THE COURT.**—The sole question we are called upon to decide on this appeal is whether an action brought under section 3342 of the Civil Code, the "dog bite statute," is governed by the one-year statute of limitations of subdivision 3 of section 340 of the Code of Civil Procedure, or the three-year statute of limitations of subdivision 1 of section 338 of the Code of Civil Procedure.

█ Section 3342 of the Civil Code was originally enacted in 1931. (Stats. 1931, ch. 503, p. 1095.) The statute merely changed the proof required under the common law action which preexisted the statute by deleting the requirement that to establish liability it must be alleged and proved that the dog was "vicious."

The action is one for the recovery of damages for personal injuries. The controlling section is therefore subdivision 3 of section 340 of the Code of Civil Procedure. (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785, 787-788 [264 P.2d 5, 41 A.L.R.2d 1037]; *Liberty Mutual Ins. Co.* v. *Fabian* (1964) 228 Cal.App.2d 427, 429-432 [39 Cal.Rptr. 570], hg. den.; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 310, p. 1153.)

Judgment of dismissal affirmed.