604 P.2d 651

**John A. MURRY and Janet H. Murry, husband and wife, Plaintiffs/Appellants,**

v.

**WESTERN AMERICAN MORTGAGE COMPANY, an Arizona corporation; Western American Realty and Investment Company, an Arizona corporation, Defendants/Appellees.**

No. 2 CA–CIV 3188.

Court of Appeals of Arizona, Division 2.

Oct. 22, 1979.

Rehearing Denied Dec. 5, 1979.

Review Denied Jan. 3, 1980.

Sando & Hardy by David T. Hardy, Tucson, for plaintiffs/appellants.

Ryley, Carlock & Ralston by N. Warner Lee, Phoenix, for amicus curiae, Ariz. Mortg. Bankers Ass'n.

Warner & Angle by Charles R. Hallam, Phoenix, for Western American Realty & Inv. Co.

Cusick, Watkins, Stewart, Harris & Ellermann by Donald R. Ellermann, Tucson, for Western American Mortg. Co.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from judgments dismissing appellants' complaint against Western American Mortgage Company (WAMCO) and amended complaint against Western American Realty & Investment Company (WARCO) in an action for damages as a result of purchasing a defectively constructed house. The court dismissed the complaint against WAMCO for failure to state a claim and denied appellants' oral motion to amend. The court allowed appellants to amend their complaint against WARCO to allege a violation of the Consumer Fraud Act but dismissed the amended complaint because the statute of limitations had run. We affirm both judgments.

## THE ACTION AGAINST WAMCO

Appellants alleged in Count One of their complaint that WAMCO's financial participation in the construction of Green Acres Estates subdivision, making construction loans to Huachuca Investment Company, Inc., and obtaining the right of first refusal to make long term loans to home buyers, gave rise to a duty to protect the buyers from defects in construction of the homes. The trial court concluded that the complaint merely alleged that WAMCO was a lender, and ruled that it failed to state a claim because a construction lender has no independent duty to the purchaser of a home absent a joint venture or contractual relationship.

After the court announced its intention to dismiss, appellants asked to amend Count One to allege that:

1) WAMCO and Huachuca Investment entered into a contract in which WAMCO agreed to finance construction based on a lot release schedule for periodic payments for each lot;

2) WAMCO executed a guarantee so that a bank would loan money to Huachuca Investment;

3) WAMCO knew that Huachuca Investment began construction when it had a capital deficit in excess of $140,000;

4) WAMCO entered into the agreement for the sole purpose of profiting off the mortgages generated by Green Acres Estates;

5) Payments were set up so Huachuca Investment would not draw sufficient profit to complete the subdivision, but would put up bare houses, sell them, and get mortgages for WAMCO;

6) Huachuca Investment ceased to do business after appellants purchased their house, and the assets were transferred to Busby Building and Development;

7) WAMCO knew of the fraudulent transfers, and assisted by executing a guarantee which enabled Busby to purchase the remaining land in the subdivision;

8) WAMCO vouched for Busby to appellants after they signed the agreement to purchase.

The court denied the motion on the ground that the complaint as amended would still not state a claim.

The trial court specifically rejected the holding of *Connor v. Great Western Savings & Loan Assoc.*, 69 Cal.2d 850, 73 Cal. Rptr. 369, 447 P.2d 609 (1968), that a lender can be liable to home buyers for damages caused by defective construction. However, neither the complaint nor proposed amendments allege the degree of active participation necessary to impose liability under *Connor* and its progeny. We need not decide, therefore, whether *Connor* should be the law in Arizona.

*Connor* involved a lender which was "more than a lender content to lend money at interest on the security of real property" but was "an active participant in a home construction enterprise." 73 Cal.Rptr. at 376, 447 P.2d at 616. The lending company had the right to exercise substantial control over the development, and received interest and fees for making construction loans, a 20 per cent capital gain for "warehousing" the land, and protection from loss of profits if individual home buyers sought mortgages elsewhere.

Subsequent cases have rejected a broad reading of *Connor* and indicated that liability will be imposed on construction lenders only in unusual circumstances, where the lender's activities clearly exceed those of a normal money lender.[1] *See Armetta v. Clevetrust Realty Investors*, 359 So.2d 540 (Fla.App.1978), *cert. den.* 366 So.2d 879 (1978); *Kinner v. World Savings and Loan Assoc.*, 57 Cal.App.3d 724, 129 Cal.Rptr. 400 (1976); *Callaizakis v. Astor Development Co.*, 4 Ill.App.3d 163, 280 N.E.2d 512 (1972). Absent facts identical to those in *Connor*,

courts have been unwilling to find liability. *See, e. g., Armetta, supra; Snyder v. First Federal Savings & Loan Assoc. of Rapid City*, 241 N.W.2d 725 (S.D.1976); *Christiansen v. Philcent Corporation*, 226 Pa.Super. 157, 313 A.2d 249 (1973). No duty has been imposed where a lending company reserved the right to approve plans and specifications, and made periodic inspections of construction. *Bradler v. Craig*, 274 Cal.App.2d 466, 79 Cal.Rptr. 401 (1969). Thus, although *Connor* has never been overruled, its holding in essence has been limited to its facts.

Assuming that the facts alleged are true, *Long v. Arizona Portland Cement Co.*, 89 Ariz. 366, 362 P.2d 741 (1961), they do not give rise to a reasonable inference that WAMCO had been involved in activities beyond the realm of the average construction lender. The complaint merely alleges that WAMCO loaned money to Huachuca Investment and had a right of first refusal on long-term loans. No allegation was made that the right of first refusal involved a penalty if other financing was utilized, as was the case in *Connor*. *See Callaizakis, supra.* Though appellants in their proposed amendments alleged that WAMCO knew the developer was undercapitalized, they failed to allege other factors necessary to the *Connor* decision. Allegations that WAMCO provided financing on a lot release schedule and had the power to take over buildings that were not completed within a stipulated time do not indicate that it had substantial control over the development as required by *Connor*. Absent the unusual circumstances in *Connor*, provisions in a loan agreement solely for the lender's protection do not create a duty on the part of the lender to others. *Armetta v. Clevetrust Realty Investors, supra.*

Appellants argue that their proposed amendments state a claim based on joint tort or some other theory, even if an independent duty on the part of WAMCO

---

1. A California statute passed soon after *Connor* also limits the liability of construction lenders to cases involving misrepresentations or actions outside the scope of a money lender. California Civ.Code, § 3434 (West).

cannot be found. We disagree. Joint tort liability arises in situations "in which the defendant has been personally guilty of tortious conduct." Comment a. to Restatement, Second, of Torts § 875. Since WAMCO had no legal duty to ensure that its borrower built good homes, it has not engaged in tortious conduct that is the legal cause of appellants' damages.

If the allegation that WAMCO vouched for the builder to appellants constituted a misrepresentation, appellants failed to allege the elements of fraud with the specificity required by 16 A.R.S. Rules of Civil Procedure, rule 9(b). Further, the trial court had precluded as untimely a previous attempt to assert fraud against WAMCO.

The proposed amendments also fail to allege facts establishing the essential elements of a joint venture, which requires an agreement, common purpose, a community of interest, and an equal right of control. *L. M. White Contracting Co. v. Tucson Rock & Sand Co.*, 11 Ariz.App. 540, 545, 466 P.2d 413, 418 (1970).

### THE SUIT AGAINST WARCO

Appellants sought to amend their complaint against WARCO during the trial to state a claim under the Consumer Fraud Act, A.R.S. § 44–1521, *et seq.*, in addition to their claim of common law fraud. The trial court allowed the amendment, but dismissed the amended complaint on the ground that the claim was barred by the one-year period of limitations applicable to actions created by statute under A.R.S. § 12–541(3):

> There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:
>
> \*   \*   \*   \*   \*   \*
>
> 3. Upon a liability created by statute, other than a penalty or forfeiture.

Appellants argue that the three-year period of A.R.S. § 12–543(3) for actions arising out of fraud is the correct limitation to apply to private actions arising out of the Consumer Fraud Act. We disagree, because the act creates a new liability. Although the act renders illegal the use of fraud in connection with the sale of merchandise, the elements of a claim for relief are not necessarily identical to those of a common law fraud action. *Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574 (App.1978). Since the Consumer Fraud Act creates a cause of action separate from common law fraud, an action commenced thereunder must be brought within one year as § 12–541(3) requires.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.