611 P.2d 568

**Zane W. DAY and Rita J. Day, husband and wife, Plaintiffs/Appellants,**

v.

**SCHENECTADY DISCOUNT CORPORATION, a New York Corporation, Defendant/Appellee.**

**No. 2 CA–CIV 3466.**

Court of Appeals of Arizona, Division 2.

April 4, 1980.

Rehearing Denied April 23, 1980.

---

1. Presumably this argument would go to all the rest of the charges also.

Higgins & Sinema by Dan A. Sinema, Tucson, for plaintiffs/appellants.

Richard J. Hertzberg, Phoenix, for defendant/appellee.

## OPINION

HOWARD, Judge.

The granting of appellee's motion for summary judgment and the denial of one made by appellants is the subject of this appeal. Since the record discloses material issues of fact, we reverse and remand for further proceedings.

On April 28, 1970, the Days bought a mobile home from E–Z Livin' Mobile Sales for the sum of $6,380. They paid $1,275 down and financed the balance under a written retail installment contract which gave a security interest in the mobile home to the dealer. This contract was subsequently assigned to Schenectady Discount Corporation (SDC).

In 1975 the Days moved to Utah and "sold" the trailer to Ernest and Betty Piele (Piele) who assumed the balance. Piele sent payments to SDC by check. The checks were accepted and cashed by SDC. The dealer attempted to get SDC to accept

a written transfer agreement but SDC refused to do so without a guarantee from the dealer for the loan. This guarantee was not forthcoming. After the payments due in March and April 1976 were not made, SDC, on May 4, 1976, repossessed the trailer which was at that time located in Jake's Trailer Park in Mammoth, Arizona. At the time of the repossession the trailer had been abandoned. Overland Mobile Homes (Overland), the company which was acting as SDC's agent in repossessing the trailer, had to pay unpaid property taxes and the unpaid trailer park rent.

On May 4, 1976, the date the trailer was repossessed, SDC sent written notice of the repossession by certified mail to the Days at their former address, Jake's Trailer Park. SDC had never received from the Days, or anyone else, notice of the Days' new address in Utah. The notice informed the Days that the trailer would be sold at private or public sale after ten days for the balance due of $3,627.54.

The trailer was sold on July 13, 1976, for $3,300 to SDC who immediately transferred the title to Overland. Prior to the sale, SDC had solicited bids for the trailer and Overland submitted the highest bid of the three which SDC received. According to the Days, they did not receive the notice sent by certified mail until after the sale had taken place. SDC has been unable to locate the return receipt.

On January 16, 1978 the Days filed this lawsuit. The complaint was in four counts. Count One asked for damages for an unlawful and malicious seizure of the mobile home. Count Two is for conversion. Count Three contends that the sale was held contrary to law and Count Four alleges that the trailer was either intentionally or negligently damaged during repossession or while in the possession of SDC.

SDC contends the Days' suit is barred by the statute of limitations, and, if not, the sale of the trailer was effectuated according to law.

The Days contend that the statute of limitations upon which SDC relies does not apply to their claims. They also maintain the sale was not lawful because (1) they did not receive notice of the sale and (2) SDC, the security holder, was the purchaser at the private sale.

We begin by discussing SDC's statute of limitations argument. A.R.S. Sec. 44–3153(A)[1] provides that if the security holder has failed to comply with certain provisions of the Code, including those dealing with the sale of the collateral, the debtor has a right to recover from the secured party any loss caused by this failure. The statute further provides that in the case of consumer goods the debtor has a right, in any event, to recover for such failure, an amount not less than the credit service charge plus 10% of the principal amount of the debt or the time price differential plus 10% of the cash price.

A.R.S. Sec. 12–541 provides:

"There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:

\*   \*   \*   \*   \*   \*

(3) Upon a liability created by statute, other than a penalty or forfeiture."

SDC contends Days' claims are based upon a liability created by statute and are therefore barred. This contention is only partially correct.

■ The phrase "liability created by statute" has been construed by the Arizona courts. It is defined as a liability that comes into being solely by statute and as having no existence prior to the enactment creating it. It is a liability which would not exist but for the statute. *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford*, 69 Ariz. 1, 206 P.2d 1168 (1949); *Griffen v. Cole*, 60 Ariz. 83, 131 P.2d 989 (1942). The phrase "liability created by statute" has been held not to include or extend to actions arising under the common law. *Fratt v. Robinson*, 203 F.2d 627 (9th Cir. 1953).

1. U.C.C. Sec. 9–507(1) (1972).

■ Although the Uniform Commercial Code does not expressly provide for an action in conversion, except in certain instances when the collateral is consumer goods on which the debtor has paid 60% of the cash price or loan, A.R.S. Sec. 44–3151(A). (U.C.C. Sec. 9–505(1) (1972)) and although the Code merely permits recovery of the loss sustained in other instances A.R.S. Sec. 44–3153(A) (U.C.C. Sec. 9–507(1) (1972)), it would seem that the right to sue in conversion or to utilize any other remedy permitted under pre-Code law is also retained.[2]

■ In fact it has been held that the improper sale of repossessed property may be a conversion. *Wells v. Central Bank of Alabama*, Ala.App., 347 So.2d 114 (1977); *Davidson v. First National Bank and Trust Co.*, 559 P.3d 1228 (Okl.1976).

■ If there was not a proper notice or if SDC improperly purchased at the private sale, there may be a claim for conversion assuming the Days can show they were damaged. Liability for conversion is not created by statute and is governed by A.R.S. Sec. 12–542, the two-year limitations statute. The complaint was filed timely as far as the conversion count is concerned. However, that part of A.R.S. Sec. 44–3153(A) which provides for liquidated damages, is a liability created by statute and is therefore barred. The trial court was therefore correct as far as Count Three of the complaint is concerned.

■ SDC contends that in any event, it gave proper notice of the sale and did nothing wrong when it purchased the mobile home. The only notice requirement for a private sale under A.R.S. Sec. 44–3150(C) is that the secured party give "reasonable notification" to the debtor "of the time after which" the sale is to be made. In the case of consumer goods no other notification need be sent. There is no formal step-by-step procedure which the secured party must follow, and there are no rigid time limits which must be obeyed. This type of procedure for the sale of collateral after repossession is a rejection of the formal notice and sale requirements of the Uniform Conditional Sales Act. According to U.C.C. Sec. 9–504 comment 1, the intent of the drafters of the U.C.C. was to encourage private sales through normal commercial channels with this section. The drafters recognized the traditionally dismal results of the sheriff's public auction at the courthouse door and hoped that informal private sales through the regular course of business would "result in higher realization on collateral for the benefit of all parties."

The term "reasonable notification" is not specifically defined in the U.C.C. A.R.S. Sec. 44–2208(26) provides that: "a person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in an ordinary course whether or not such other actually comes to know of it."

■ Under this definition, the test is not whether the debtor receives the notice, but only whether the secured party made a good faith effort and took such steps as a reasonable person would have taken to give notice. Accordingly, most courts have held that there is no absolute requirement under U.C.C. Sec. 9–504 (A.R.S. Sec. 44–3150) that the debtor actually received notice. *Hall v. Owen County State Bank*, Ind.App., 370 N.E.2d 918 (1977).

■ Although no definition of "reasonable notification" is contained in the U.C.C. itself, U.C.C. Sec. 9–504, comment 5, contains this definition:

> " 'Reasonable notification' is not defined in this Article; at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interest by taking part in the sale or other disposition if they so desire."

---

2. A.R.S. Sec. 44–2206(A) (U.C.C. Sec. 1–106(1)) states that the remedies provided shall be liberally administered to the end the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential nor penal damages may be had except as specifically provided by other rule of law. A.R.S. Sec. 44–2203 (U.C.C. Sec. 1–103) preserves supplementary general principles of law and equity.

Whether reasonable notice was sent can at times be a matter of law to be decided by the trial court, see *Hudspeth Motors, Inc. v. Wilkinson*, 238 Ark. 410, 382 S.W.2d 191 (1964), or, can be a question to be decided by the trier of fact. See *Barber v. Williams Ford Co.*, 239 Ark. 1054, 396 S.W.2d 302 (1965). The requirement of notice is for the benefit and protection of the debtor. Notice which is mere gesture is not notice. The means employed must be such as one desirous of actually informing the absent party might reasonably adopt. *Mallicoat v. Volunteer Finance & Loan Corp.*, 57 Tenn. App. 106, 415 S.W.2d 347 (1966). SDC sent the notice to Days' last known address at the trailer park. At the time the notice was sent it knew the Days were no longer there. What efforts if any were taken to determine the whereabouts of the Days prior to sending the notice? Would a minimal inquiry have revealed their whereabouts? These are questions that are yet unresolved and we believe there exists a question for the trier of fact on the reasonableness of the notice sent to the Days.

There is another unresolved issue that precluded summary judgment. A secured creditor who purchases the collateral from himself at a private sale, unless he can bring himself within the "recognized market" or "standard price quotation" exceptions, is in the same direct violation of the requirements of the statute as is the creditor who fails to give notice. *Jackson State Bank v. Beck*, 577 P.2d 168 (Wyo.1978). And as we have previously stated, an improper sale may constitute a conversion. *Davidson v. First National Bank*, supra.

The trial court was correct, however, as to Counts One and Four of the complaint. Count One is based on the fact that SDC did not give notice to the Days prior to the time it repossessed the trailer. There is no provision in the U.C.C. or in the contract which required the giving of such notice.

Count Four was properly the subject of a summary judgment since any damage to the trailer during the repossession or while in the possession of SDC would not constitute a separate claim for relief but only comes into play when computing the damages, if any, under the Days' conversion theory. Generally, damages would be computed by subtracting the sales price from the value of the collateral. This, in theory, would be the value of the debtor's equity in the property. However, this measure of damages may not be sufficient if the secured party negligently or intentionally damages the collateral and thereby lowers its fair market value. Under such circumstances the fair market value would not be its value on the date of the sale but its value immediately preceding the damage.

Since appellants' motion for summary judgment was based on their claim for liquidated damages as provided for in A.R.S. Sec. 44-3153 the trial court was correct in its denial.

The case is reversed and remanded for further proceedings on Count Two of the complaint, but in all other respects the judgment is affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.