694 P.2d 835

PROGRESSIVE SPECIALTY
INSURANCE COMPANY,
Plaintiff/Appellee,

v.

FARMERS INSURANCE COMPANY of
ARIZONA, Defendant/Appellant.

No. 2 CA–CIV 5175.

Court of Appeals of Arizona,
Division 2.

Jan. 4, 1985.

Bury & Moeller by Marshall Humphrey,
III, Tucson, for plaintiff/appellee.

Chandler, Tullar, Udall & Redhair by
D.B. Udall and John W. McDonald, Tucson,
for defendant/appellant.

OPINION

HOWARD, Judge.

This is an appeal from a declaratory judgment involving the effect of a release. On May 7, 1982, Patrick Hoban was operating a vehicle when it was involved in an accident with a motorcycle operated by Thomas Whatton. Hoban was insured by Mid-Century Insurance Company/Farmers Insurance Company of Arizona (Farmers) and had policy limits of $15,000 per person. Whatton was insured by Progressive Casualty Insurance Company (Progressive) and his policy had underinsured motorist coverage. Whatton made a claim against Farmers for his injuries and Farmers settled for the policy limits of $15,000, which it paid. It also sent Whatton a standard release which Whatton altered by adding the following language, "[T]his release shall not affect in any way or prejudice [T]homas Whatton's right to make and perfect an 'under insured' motorist claim persuant [sic] to his own insurance policy." Whatton then made a claim against Progressive under the underinsured motorist coverage.

Progressive then brought this action alleging that Farmers claimed the release was a full and complete release, that Whatton claimed it was not, and that if the release were full and complete, then Progressive was relieved from paying Whatton under the underinsured motorist provision because Whatton would have violated the policy provisions by signing a release which prevented Progressive from pursuing its subrogation rights against Hoban.

The case was heard by the trial court, which entered a judgment declaring that the release was not full and complete but rather reserved Progressive's subrogation rights against Hoban. The trial court also declared that Progressive had subrogation rights against Hoban pursuant to A.R.S. § 20–259.01, effective July 25, 1982.

The first question presented is what language should be contained in a release signed in favor of the tortfeasor when the claimant intends to make a claim for underinsured motorist coverage from his carrier?

■ As can be seen from the question, appellant does not contend that the trial court erred in its holding as to the release but instead, invites us to give some guidance to the legal community as to how to frame the language of the release in such instances. Appellant makes several suggestions and says: "This court should declare the proper way to handle this matter by release or otherwise." We decline to do so. It is not an appellate court's function to declare principles of law which cannot have any practical effect in settling the rights of litigants. See *Marsh v. Hawkins,* 7 Ariz.App. 226, 437 P.2d 978 (1968). Nor should an appellate court give advisory opinions, *Wiederanders v. Wiederanders,* 187 N.W.2d 74 (N.D.1971), or decide issues unless it is required to do so in order to dispose of the appeal under consideration. *Vigil v. Herman,* 102 Ariz. 31, 424 P.2d 159 (1967).

■ The next question concerns the 1982 amendment to A.R.S. § 20–259.01 which provides:

"G. Insurers who make payments for damages to insureds under the uninsured and underinsured requirements of this section may subrogate and sue for reimbursement of the total amount of said payment in the name of the insured against any uninsured or underinsured motorist responsible for the damages to the insured.

H. Any common law prohibition against assignments of causes of action for personal injuries is abrogated to the extent provided in section G of this section."

Since the accident happened on May 7, 1982, and the amendments to the statute did not become effective until after the accident, appellant claims that the trial court erred in holding the statute applicable to Progressive's policy, arguing that to do so wrongfully gave retroactive effect to the statute. We do not agree. Progressive has not made payment yet to Whatton. It will do so sometime after the date of the accident. The date of the accident has no legal significance in this subrogation claim. Under the statute, the event which gives a right of subrogation is payment by the insurer for damages to the insured under the uninsured and underinsured requirements of the law. Since the legally significant event will take place after the date of the amendments, the amendments are clearly applicable.

Affirmed.

HATHAWAY, J., and BIRDSALL, C.J., concur.