696 P.2d 230

**Larry MURDOCK, Plaintiff-Appellant,**

v.

**A.K. BALLE and Jane Doe Balle, his wife, Defendants-Appellees.**

**No. 1 CA–CIV 6877.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 21, 1985.

---

Norman F. Meyer and Gregory R. Jordan, Phoenix, for plaintiff-appellant.

Stinson & Douglas, P.A. by William G. Stinson, Phoenix, for defendants-appellees.

## OPINION

CORCORAN, Judge.

The sole issue on this appeal is whether a cause of action brought pursuant to A.R.S. § 24–521, Arizona's "dog bite statute", is governed by the time limitations contained in A.R.S. § 12–541(3) or § 12–542.

On October 6, 1980, Larry Murdock brought this action against A.K. and Jane Doe Balle to recover damages for personal injuries sustained as a result of being bitten by their dog on January 8, 1979. The complaint alleged a claim for relief based upon A.R.S. § 24–521 and a claim based upon common law negligence. Subsequently, the parties stipulated to a dismissal of the negligence claim. The Balles' motion for summary judgment on the remaining count was granted on the ground that the claim was barred by the one-year limitation period of A.R.S. § 12–541(3). Murdock filed a timely appeal from the judgment.

Murdock's cause of action against the Balles is derived from A.R.S. § 24–521 which provides:

> The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

This statute imposes strict liability on dog owners for injuries inflicted by their dog without respect to fault on the part of the owner. It protects any person who is law-

fully present on public or private property. The only defense to liability is proof that the injured party provoked the dog. *See* A.R.S. § 24–523. *See also Litzkuhn v. Clark,* 85 Ariz. 355, 339 P.2d 389 (1959); *James v. Cox,* 130 Ariz. 152, 634 P.2d 964 (App.1981); *Toney v. Bouthillier,* 129 Ariz. 402, 631 P.2d 557 (App.1981).

█ The cause of action created by A.R.S. § 24–521 is distinct from the common law which imposes liability on dog owners only if the owner knew or had reason to know of their animal's vicious propensities. *See Restatement (Second) of Torts* § 509 (1977). *See also James v. Cox,* 130 Ariz. at 153, 634 P.2d at 965; *Jones v. Manhart,* 120 Ariz. 338, 340, 585 P.2d 1250, 1252 (App.1978).

We are asked to determine whether a cause of action brought pursuant to the "dog bite statute" is governed by A.R.S. § 12–541(3), the one-year statute of limitations governing "liability created by statute" or A.R.S. § 12–542, the two-year statute of limitations governing "injuries done to the person of another." [1]

█ Both parties agree that A.R.S. § 12–541(3) is applicable where a liability would not exist but for a statute and that it does not include or extend to actions arising under the common law. *See Day v. Schenectady Discount Corp.,* 125 Ariz. 564, 567, 611 P.2d 568, 571 (App.1980). However, Murdock argues that because liability of a dog owner existed in common law, A.R.S. § 24–521 does not create a new liability but merely alters the proof required to maintain the action. He concludes that A.R.S. § 24–541(3) is not applicable to his claim. We disagree.

We recognize that Murdock has relied upon a case in which the California statute of limitations for personal injuries was held applicable to actions brought under the state's "dog bite statute," California Civil Code, § 3342. In *Pritchard v. Sharp,* 41 Cal.App.3d 530, 116 Cal.Rptr. 9 (1974), the California Court of Appeals held that where a plaintiff brought his action pursuant to the "dog bite statute," the applicable statute of limitations was not the statute of limitations for liability created by statute. The court held that the "dog bite statute" merely changed the proof required under the preexisting common law action by deleting the requirement that the plaintiff establish the prior vicious behavior of the dog. The California decision does not explain the reasons for this conclusion nor does it discuss whether both a statutory and a common law action may be pursued in California. We do not find the case persuasive. In any event, Arizona courts have interpreted Arizona's "dog bite statute" to require a contrary result.

Our courts have held that A.R.S. § 24–521 does not codify or replace common law liability. It is possible to proceed simultaneously under statutory and common law theories. *See, e.g., Jones v. Manhart,* 120 Ariz. at 340, 585 P.2d at 1252. Additionally, we have found that A.R.S. § 24–521, being in derogation of the common law, is subject to strict, literal construction. *See James v. Cox,* 130 Ariz. at 156–57, 634 P.2d at 968–69; *Toney v. Bouthillier,* 129 Ariz. at 406, 631 P.2d at 561. These decisions clearly reflect that A.R.S. § 24–251 created a change in substantive law and was not simply a change in pleading and proof requirements. Our courts have found that

---

1. A.R.S. § 12–541 provides in pertinent part: There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions:

   . . . .

   3. Upon a liability created by statute, other than a penalty or forfeiture.

   A.R.S. § 12–542 provides in pertinent part: Except as provided in §§ 12–551 and 12–564, there shall be commenced and prosecuted within two years after the cause of action accrues and not afterward, the following actions:

   1. For injuries done to the person of another.

   2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured.

A.R.S. § 24–251 created a new cause of action.

In determining the appropriate statute of limitations, we find instructive the line of Arizona decisions dealing with the relationship between common law fraud and the Consumer Fraud Act, A.R.S. § 44–1521 *et seq.* In *Sellinger v. Freeway Mobile Home Sales*, 110 Ariz. 573, 576, 521 P.2d 1119, 1122 (1974), the supreme court held that § 44–1533 creates a private right of action in favor of persons damaged by practices declared unlawful by the Act, noting that "a private remedy is highly desirable in order to control fraud in the market place." In *Peery v. Hansen*, 120 Ariz. 266, 270, 585 P.2d 574, 578 (App.1978), the court distinguished a cause of action brought pursuant to the Act from an action for common law fraud, holding that "the right to rely, though a necessary element in a common law fraud action, is not essential to a statutory fraud action in Arizona." The court noted that the distinction "effectively creates a liability on the seller." *Id.* In light of *Peery*, the court in *Murry v. Western Am. Mortgage Co.*, 124 Ariz. 387, 604 P.2d 651 (App.1979), determined that a cause of action brought under the Act was barred by the one-year statute of limitations of A.R.S. § 12–541:

> Appellants argue that the three-year period of A.R.S. § 12–543(3) for actions arising out of fraud is the correct limitation to apply to private actions arising out of the Consumer Fraud Act. We disagree, because the act creates a new liability. Although the act renders illegal the use of fraud in connection with the sale of merchandise, the elements of a claim for relief are not necessarily identical to those of a common law fraud action. *Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574 (App.1978). Since the Consumer Fraud Act creates a cause of action separate from common law fraud, an action commenced thereunder must be brought within one year as § 12–541(3) requires.

124 Ariz. at 390, 604 P.2d at 654. The holding in *Murry* was approved by our supreme court in *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 541, 647 P.2d 1127, 1139 (1982).

■ Because Arizona's "dog bite statute" similarly creates a new cause of action by altering certain elements of the common law, we find the rationale of *Peery* and *Murry* to be persuasive.

Murdock has referred this court to *Rogers v. Smith Kline & French Labs.*, 5 Ariz.App. 553, 429 P.2d 4 (1967) for the proposition that if a limitations statute refers specifically to a situation where liability is created by another statute, then that is the limitation to be used. The decision in *Rogers* held that A.R.S. § 12–542(2) was applicable to a cause of action brought pursuant to Arizona's wrongful death statute. Although recognizing that this cause of action was wholly dependent upon statute and did not exist at common law, the *Rogers* court nevertheless concluded that A.R.S. § 12–542(2) was applicable to such a cause of action. A.R.S. § 12–542(2) expressly provides that a two-year limitation is to apply to actions "[f]or injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured." In reaching this conclusion, the *Rogers* court relied heavily upon the legislative history of Arizona's wrongful death statutes and their applicable limitations. Further, subsection (2) refers very specifically to wrongful death. It would therefore properly be regarded as controlling in wrongful death actions, as opposed to the more general reference in A.R.S. § 12–543 to "liability created by statute."

■ In contrast, subsection (1) of A.R.S. § 12–542 is less specific. It applies a two-year limitation to actions "[f]or injuries done to the person of another." Such causes of action could range from physical assault to invasion of privacy. It obviously makes no express reference to dog bites. Thus, the "rule" which Murdock extrapolates from the *Rogers* decision is inapplicable to this case. Further, this "rule" is not supported by other cases dealing with A.R.S. § 12–542.

■ References in a limitation statute to a particular fact situation are not necessarily determinative of which limitations period applies when statutory claims or liabilities unknown at common law are involved. In *Day v. Schenectady Discount Corp., supra,* this court held that the improper sale of the plaintiff's repossessed mobile home was actionable under both common law conversion and Arizona's Uniform Commercial Code. While the language of A.R.S. § 12–542(4) and (5)[2] clearly encompass the *Day* fact situation, we held that this two-year statute of limitations governed only the common law count for conversion. The claim based on the UCC was held to be an action for a "liability created by statute" and governed by A.R.S. § 12–541(3). 125 Ariz. at 568, 611 P.2d at 572; *see also*

*Murry v. Western Am. Mortgage Co., supra.*

■ We conclude that Murdock's cause of action did not exist but for A.R.S. § 24–521. Accordingly, we hold that the trial court correctly determined that the applicable statute of limitations is A.R.S. § 12–541(3) which barred Murdock's claim. Summary judgment in favor of the Balles is affirmed.

FROEB and OGG, JJ., concur.

---

**2.** A.R.S. § 12–542 provides in pertinent part:
   [T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
   . . . .

4. For taking or carrying away the goods and chattels of another.
5. For detaining the personal property of another and for converting such property to one's own use.