754 P.2d 346

**PREFERRED RISK MUTUAL INSURANCE COMPANY, an Iowa corporation, Plaintiff–Appellant,**

v.

**Mariano Baca VARGAS and Beatrice Vargas, husband and wife, Defendants–Appellees.**

**No. 1 CA–CIV 9617.**

Court of Appeals of Arizona, Division 1, Department A.

May 3, 1988.

18

Mark E. Turley, Phoenix, for plaintiff-appellant.

Crampton, Woods, Broening & Oberg by Brian Holohan, Phoenix, for defendants-appellees.

## OPINION

GREER, Judge.

This was an action by Preferred Risk Mutual Insurance Company (Preferred Risk) to recover reimbursement from Mariano Baca Vargas for certain uninsured motorist benefits that Preferred Risk paid its insured, Delores Finley. Preferred Risk appeals the trial court's decision to grant summary judgment for Vargas on the basis that Preferred Risk's action was barred by the two-year limitation for personal injury claims under A.R.S. § 12-542.

The pertinent facts are not in dispute. Preferred Risk issued an automobile insurance policy to Delores Finley which provided, among other things, uninsured motorist coverage. Finley and Mariano Vargas were involved in an automobile accident on January 24, 1983. For the purpose of Vargas' motion for summary judgment in the instant litigation, the trial court was asked to assume that Vargas' negligence caused the accident and that, as a result, Finley sustained bodily injury.

On or about January 22, 1985, Finley filed Maricopa County Superior Court Cause No. C-534694 against Vargas, seeking compensatory damages for personal injuries and property damage. On May 13, 1985, Preferred Risk paid the Finleys $20,-000 in uninsured motorist benefits.

On January 23, 1986, Preferred Risk filed the complaint in the instant action as Finley's subrogee, seeking reimbursement from Vargas for the uninsured motorist benefits it had already paid to Finley. Finley's earlier personal injury action against Vargas was dismissed without prejudice on January 29, 1986, for lack of prosecution.

After discovery, Vargas moved for summary judgment against Preferred Risk, arguing that Preferred Risk's subrogation claim accrued as of January 24, 1983, the date of the accident, and that its subrogation action was therefore barred by the two-year limitation period provided by A.R.S. § 12-542(1). In opposing the motion, Preferred Risk asserted that its subrogation claim was not derivative of Finley's personal injury claim, but rather arose exclusively pursuant to A.R.S. § 20-259.01(G). Preferred Risk argued that the subrogation claim accordingly accrued as of May 13, 1985, the date on which Preferred Risk paid uninsured benefits to the Finleys, and was thereafter governed by the one-year limitation period provided by A.R.S. § 12-541(3) for actions "[u]pon a liability created by statute...."

By its minute entry of March 9, 1987, the trial court ruled:

IT IS ORDERED granting [the] motion [for summary judgment]. This Court construes A.R.S. § 20-259.01(G) and (H) as merely lifting the common law prohibition against assignment of personal injury claims rather than creating new causes of action in the nature of subrogation. Preferred Risk, therefore, as merely an assignee of its insured, had to institute its subrogation claim against this alleged third party tortfeasor within the two-year statute of limitations for filing a personal injury action. But cf. *Progressive Specialty Insurance v. Farmers Insurance*, 143 Ariz. 547, 694 P.2d 835 (App.1984 [1985]).

The trial court entered formal judgment for Vargas in accordance with its ruling, and Preferred Risk timely commenced this appeal.

■ Preferred Risk's reasoning in support of its bid for reversal proceeds as follows. It has long been settled in Arizona case law that a right of action for a tort causing personal injuries is not assignable. *Harleysville Mut. Ins. Co. v. Lea*, 2 Ariz.

App. 538, 410 P.2d 495 (1966). Further, the Arizona Supreme Court has held that subrogation to another's rights in a personal injury claim amounts to assignment of the claim and is therefore void. *Allstate Ins. Co. v. Druke*, 118 Ariz. 301, 576 P.2d 489 (1978); *State Farm Fire & Casualty Co. v. Knapp*, 107 Ariz. 184, 484 P.2d 180 (1971). *See State Farm Mut. Auto. Ins. Co. v. Janssen*, 154 Ariz. 386, 742 P.2d 1372 (App. 1987). However, the Arizona legislature has, to a limited extent, abrogated the common law prohibition against subrogation to the rights of another in a personal injury claim. A.R.S. § 20–259.01 provides in part:

G. Insurers who make payments for damages to insureds under the uninsured requirements of this section may subrogate and sue for reimbursement of the total amount of said payments in the name of the insured against any uninsured motorist responsible for the damages to the insured.

H. Any common law prohibition against assignments of causes of action for personal injuries is abrogated to the extent provided in subsection G of this section.

Preferred Risk argues that, because these subsections changed the common law rule and, for the first time, permitted an insurer to be subrogated to its insured's personal injury claim against an uninsured motorist to the extent of uninsured motorist benefits paid to the insured, an insurer's claim under the statute constituted a "liability created by statute" within the limitation provisions of A.R.S. § 12–541(3). Preferred Risk notes in addition that Division Two of this court held in *Progressive Specialty Ins. Co. v. Farmers Ins. Co.*, 143 Ariz. 547, 694 P.2d 835 (App.1985), that an insurer acquires its right of subrogation under A.R.S. § 20–259.01(G) only when it pays its insured's damages pursuant to the statutorily-mandated coverage. Preferred Risk concludes that the claim asserted by the insurer under A.R.S. § 20–259.01(G) must therefore accrue upon payment of such benefits and that the insurer may sue the uninsured motorist for reimbursement at any time within one year thereafter.

Preferred Risk's reasoning is defective in two particulars. First, the meaning of the phrase "liability created by statute" within A.R.S. § 12–541(3) has a definite and settled meaning in Arizona. In *Day v. Schenectady Discount Corp.*, 125 Ariz. 564, 611 P.2d 568 (App.1980), we stated:

[The phrase] is defined as a liability that comes into being solely by statute and as having no existence prior to the enactment creating it. It is a liability that would not exist but for the statute. *Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford*, 69 Ariz. 1, 206 P.2d 1168 (1949); *Griffen v. Cole*, 60 Ariz. 83, 131 P.2d 989 (1942). The phrase "liability created by statute" has been held not to include or to extend to actions arising under the common law. *Fratt v. Robinson*, 203 F.2d 627 (9th Cir.1953).

*Id.* at 567, 611 P.2d at 571. The one-year limitations period in A.R.S. § 12–541(3) is applicable to actions brought under statutes which have "created a new cause of action." *Murdock v. Balle*, 144 Ariz. 136, 138–39, 696 P.2d 230, 233 (App.1985). In arguing that the action authorized by A.R.S. § 20–259.01(G) and (H) comes within this classification, Preferred Risk ignores the fact that, in Arizona, "subrogation" does not constitute a claim for relief in and of itself, but is instead equivalent to an assignment of a preexisting claim. A.R.S. § 20–259.01(G) thus did not create a cause of action unknown at common law. Instead, as the trial court held, it merely removed the common law prohibition against assigning an existing personal injury claim to the extent of permitting enforcement of such a claim in the hands of an insurer as statutory subrogee of the insured. Whether pursued by the insured or by the insurer, the claim that is the subject of A.R.S. § 20–259.01(G) is the insured's common law claim in tort for personal injuries.

Preferred Risk is equally wrong in relying on *Progressive Specialty, supra,* for the proposition that the "claim" to be enforced under A.R.S. § 20–259.01(G) ac-

crues only upon the insurer's payment of benefits under the statutorily-mandated coverage. In *Progressive Specialty*, the accident in question occurred on May 7, 1982. Subsections (G) and (H) to § 20–259.01, which originally concerned payments to insureds under *under* insured and uninsured motorist coverage, did not become effective until July 25, 1982. Division Two of this court stated:

Since the accident happened on May 7, 1982, and the amendments to the statute did not become effective until after the accident, appellant [defendant]˙ claims that the trial court erred in holding the statute applicable to Progressive's policy, arguing that to do so wrongfully gave retroactive effect to the statute. We do not agree. Progressive has not made payment yet to [the insured]. It will do so some time after the date of the accident. The date of the accident has no legal significance in this subrogation claim. Under the statute, the event which gives a right of subrogation is payment by the insurer for damages to the insured under the uninsured and underinsured requirements of the law. Since the legally significant event will take place after the date of the amendments, the amendments are clearly applicable.

143 Ariz. at 548, 694 P.2d at 836. However, the fact that the statute conditions an insurer's subrogation rights on its payment of the insured's damages does not alter the fact that the claim the statute permits the insurer to pursue is the insured's common law tort claim for personal injuries. That claim clearly accrues on the date the insured is injured, and the applicable two-year statute of limitations therefore commences to run at that time. *Cf. United Pacific/Reliance Ins. Co. v. Kelley*, 127 Ariz. 87, 618 P.2d 257 (App.1980) (opinion based on unstated assumption that limitations period on insurer's subrogation claim commenced as of accident and not as of insurer's payment to insured under collision coverage).

Decisions in other jurisdictions are overwhelmingly in accord with this view. The commentator in Annot., *Statute of Limita-* *tions—Subrogated Insurer*, 91 A.L.R.3d 844 (1979), stated:

[C]ourts generally have adhered to the view that the statute of limitations begins to run on a subrogated insurer's action against a third-party tortfeasor at the same time that the statute of limitations would begin to run on an action by the insured, or his personal representative in the event of the death of the insured, against the third-party tortfeasor. A rationale offered in support of this view has been that a subrogated insurer stands in the shoes of its insured, taking no rights other than those that the insured had, and at the same time being subject to all defenses which the third-party tortfeasor might assert against the insured.

*Id.* at 847.

In *State Farm Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 495 P.2d 359 (1972), a statutorily-subrogated insurer argued that its action against an uninsured motorist should be governed by the limitations period provided for statutory causes of action because subrogation actions were permitted only by virtue of a statute that excepted them from a statutory prohibition against assignment of personal injury claims. The Nevada Supreme Court rejected that argument, holding instead that the insurer's action sounded in tort and that the two-year personal injury statute of limitations had started to run on the date the insured suffered his injuries. The court there stated:

To rule otherwise would mean that an insurance company could withhold payment under the uninsured motorist policy for an unlimited period and then after payment seek recovery as the subrogee of its insured. Such practice would delay the settlement and disposition of such cases.

*Id.* at 186, 495 P.2d at 362.

The California decisions in *Liberty Mut. Ins. Co. v. Fales*, 8 Cal.3d 712, 106 Cal. Rptr. 21, 505 P.2d 213 (1973), and *Phoenix of Hartford Ins. Cos. v. Colony Kitchens*, 57 Cal.App.3d 140, 128 Cal.Rptr. 893 (1976), on which Preferred Risk relies, are inappo-

site. Unlike A.R.S. § 20–259.01(G), the California statute subrogating an insurer to its insured's personal injury claim specifically provided that the insurer could bring its action under the statute at any time within three years following its payment of the insured's uninsured motorist benefits. *See* Cal.Ins.Code § 11580.2(g); *Liberty Mut. Ins. Co. v. Fales, supra.*

Affirmed.

JACOBSON, P.J., and HAIRE, J., concur.