16 P.3d 801

**Joselyn ANDREWS, on behalf of herself and her minor child, Shayla WOODARD, Appellant,**

v.

**EDDIE'S PLACE, INC., an Arizona corporation, Appellee.**

No. 2 CA–CV 99–0162.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 26, 2000.

Raven & Kirschner, P.C. By Dennis J. Clancy, Tucson, Attorneys for Appellant.

McCarville, Cooper & Vasquez, P.C. By Stephen F. McCarville, Casa Grande, Attorneys for Appellee.

*OPINION*

DRUKE, Judge.

¶ 1 Appellant Joselyn Andrews filed a cause of action against appellee Eddie's Place, Inc., alleging it was negligent in selling intoxicating beverages to Joseph Diaz, a motorist who was later involved in an automobile accident with appellant and her minor child, Shayla Woodard. Appellee moved for dismissal under Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., claiming the action was barred by the one-year statute of limitations in A.R.S. § 12–541. The trial court granted the

motion, and this appeal followed. We review de novo a trial court's dismissal based on its application of a statute of limitations. *See Weekly v. City of Mesa*, 181 Ariz. 159, 888 P.2d 1346 (App.1994).

¶ 2 The parties agree that appellant filed her cause of action within two years after the accident but disagree on which statute of limitations applies, the one-year statute in § 12–541, which the trial court applied, or the two-year statute in A.R.S. § 12–542. Appellee argues that the trial court correctly applied § 12–541, which provides in relevant part: "There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: ... 5. Upon a liability created by statute, other than a penalty or forfeiture." Appellant counters that, because her cause of action asserts negligence liability against appellee "pursuant to A.R.S. § 4–311 and Arizona common law," the trial court should have applied § 12–542. The relevant part of this statute provides: "[T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: 1. For injuries done to the person of another...." For the reasons that follow, we find that the two-year limitations period in § 12–542(1) applies and therefore reverse the trial court's judgment of dismissal.

¶ 3 Until the supreme court decided *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983), tavern owners or "dram shops" were not subject to liability for off-premises injuries resulting from the acts of an intoxicated patron. *Collier v. Stamatis*, 63 Ariz. 285, 288, 162 P.2d 125, 126 (1945), provided this rationale for nonliability: "[W]hen damage[ ] arises from voluntary intoxication the seller of the intoxicant is, at common law, not liable in tort for the reason that his act is not the efficient cause of the damage. The proximate cause is the act of him who imbibes the liquor." See also *Pratt v. Daly*, 55 Ariz. 535, 104 P.2d 147 (1940) (consumption and not sale of intoxicants is proximate cause of injury). Almost forty years after *Collier*, however, the *Ontiveros* court re-examined the issue of causation, observing:

[T]he general rule [in Arizona] is that a defendant may be held liable if his conduct contributed to the result and if that result would not have occurred "but for" defendant's conduct. There are some dram shop cases where it would be possible to say as a matter of law that the defendant's acts did not contribute to the result, and there are other cases, such as this, where cause-in-fact remains a question for the jury.

*Ontiveros*, 136 Ariz. at 505, 667 P.2d at 205 (footnote omitted). The court thus concluded:

Certainly no court can say as a matter of law that there can never be a causal relation between serving liquor to an underaged, incompetent or already intoxicated patron and the subsequent accident in which that patron becomes involved when he or she leaves the premises. Insofar as *Pratt v. Daly* or *Collier v. Stamatis* stand for such a principle, they are wrong.

*Id.* Accordingly, the court held that "the common law doctrine of tavern owner nonliability is abolished in Arizona." *Id.* at 513, 667 P.2d at 213.

¶ 4 Appellee argues, however, that the court so held only because A.R.S. § 4–244(14) makes it unlawful for a tavern owner to furnish alcohol to an intoxicated person. We believe appellee misreads *Ontiveros*. Although the supreme court did state that a tavern owner's duty of due care "could be postulated upon the affirmative requirements of statute," citing § 4–244(14), *id.* at 509; 667 P.2d at 209, the court made clear that the duty has a dual basis.

[T]hose who furnish liquor have an obligation or "duty" to exercise care for the protection of others. This is an obligation imposed upon tavern owners for the benefit of those who may be injured by the tavern owners' patrons, whether such injury occurs on or off the premises. We find that duty both as a matter of common law and of statute.

*Id.* at 511, 667 P.2d at 211.

¶ 5 Appellee nonetheless asserts that, even if *Ontiveros* created a common law theory of dram shop liability, the legislature's

subsequent enactment of A.R.S. § 4–311 superseded the supreme court's creation of that common law liability. Although the legislature may, within constitutional limitations, change, supplement, or abrogate the common law, "[i]f the legislature fails to clearly and plainly manifest an intent to alter the common law, the common law remains in effect." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). See also *United Bank v. Mesa N.O. Nelson Co., Inc.*, 121 Ariz. 438, 590 P.2d 1384 (1979); *In re Estate of Hoover*, 140 Ariz. 464, 682 P.2d 469 (App.1984).

 ¶ 6 Section 4–311(A), enacted three years after *Ontiveros*, makes liquor licensees liable when a court or jury finds:

1. The licensee sold spirituous liquor either to a purchaser who was obviously intoxicated, or to a purchaser under the legal drinking age....

2. The purchaser consumed the spirituous liquor sold by the licensee, and

3. The consumption of spirituous liquor was a proximate cause of the injury, death or property damage.

We find nothing in this language clearly indicating that the legislature intended, by its enactment of § 4–311, to annul or abrogate *Ontiveros*'s holding. Nor have we found any legislative history accompanying the statute to suggest otherwise. In our opinion, the legislature did not create a new liability for liquor licensees but simply attempted to codify the common law established by *Ontiveros*.[1]

 ¶ 7 Because appellant bases her cause of action, in part, on that common law liability, the one-year statute of limitations in § 12–541(5) does not apply. Section 12–541(5) does not "include or extend to actions arising under the common law" but applies only "where a liability would not exist but for a statute." *Murdock v. Balle*, 144 Ariz. 136, 138, 696 P.2d 230, 232 (App.1985). That is not the case here. And, even if we assume that § 4–311 created a new liability for tavern owners with different elements than the *Ontiveros*-established common law liability,

the one-year limitations period in § 12–541(5) would apply only to the statutorily created liability, rather than the common law liability. "Under *Murdock*, when either a common law or statutory cause of action may be maintained, and the elements of the common law cause of action are different than the elements of the statutory cause of action, different limitations statutes apply to each." *Alaface v. National Inv. Co.*, 181 Ariz. 586, 598, 892 P.2d 1375, 1387 (App.1994).

¶ 8 We therefore conclude that the two-year statute of limitations in § 12–542(1) applies to appellant's common law cause of action against appellee, rather than the one-year limitations period in § 12–541(5). Accordingly, we reverse the judgment of dismissal as to that cause of action and remand the case for further proceedings consistent with this decision.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, JOSEPH W. HOWARD, Presiding Judge.

---

1. As we noted in *Young v. DFW Corp.*, 184 Ariz. 187, 908 P.2d 1 (App.1995), however, A.R.S. § 4–312(B), the companion statute to § 4–311, effectively and thus unconstitutionally abrogated the common law action for those plaintiffs who could not establish that the purchaser was "obviously intoxicated," as defined by § 4–311(C), but who could show, based on common law negligence, that the licensee knew or should have known the purchaser was intoxicated.