No. 87–5722. PATTERSON *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In *Michigan* v. *Tucker,* 417 U. S. 433, 447 (1974), this Court expressly left open the question of the admissibility of physical evidence obtained as a result of an interrogation conducted contrary to the rules set forth in *Miranda* v. *Arizona,* 384 U. S. 436 (1966). Since that time, the state and federal courts have been divided on this question.[1] Indeed, in *Massachusetts* v. *White,* 439 U. S. 280

---

[1] Some courts faced with this question have concluded that physical evidence so obtained must be suppressed. See, *e. g., United States* v. *Castellana,* 488 F. 2d 65, 67 (CA5 1974); *State* v. *Preston,* 411 A. 2d 402, 407–408 (Me. 1980); *Commonwealth* v. *White,* 374 Mass. 132, 371 N. E. 2d 777 (1977),

(1978), this Court was evenly divided on the issue of the admissibility of physical evidence obtained from an interrogation that violated *Miranda*.

Here, petitioner was arrested in Mexico by local officials when he attempted to pass a counterfeit $20 bill at a store in Tijuana. While still in the custody of Mexican police, petitioner was questioned by United States Secret Service agents who failed to inform him of his rights under *Miranda*. During the questioning, petitioner provided agents with a detailed description of a counterfeiting operation based in San Diego, California. Agents used petitioner's confession to obtain a warrant to search the facility petitioner described; there, a variety of items relating to the counterfeiting enterprise were discovered.

Petitioner argued that the physical evidence obtained in the search of the counterfeiting operation should be suppressed, claiming that this evidence was inadmissible as "fruits" of the interrogation which violated *Miranda*. But the Court of Appeals for the Ninth Circuit affirmed the District Court's rejection of this contention. 812 F. 2d 1188 (1987). The Court of Appeals rested its conclusion in part on prior Ninth Circuit decisions, *e. g., United States* v. *Lemon*, 550 F. 2d 467, 473 (1977), and in part on our decision in *Oregon* v. *Elstad*, 470 U. S. 298, 304–309 (1985), which held that a confession that was the "fruit" of an earlier violation of *Miranda* (but not the Fifth Amendment) was admissible.

While *Elstad* has been considered illuminating by some Courts of Appeals on the question of admissibility of physical evidence yielded from a *Miranda* violation,[2] that decision did not squarely address the question presented here, and in fact, left the matter open. *Elstad*, 470 U. S., at 308; *id.*, at 347, n. 29 (BRENNAN, J., dissenting). Consequently, I would grant certiorari in this case

---

aff'd by an equally divided Court, 439 U. S. 280 (1978). Others have reached the opposite conclusion. See, *e. g., United States ex rel. Hudson* v. *Cannon*, 529 F. 2d 890, 894–895 (CA7 1976); *United States* v. *Massey*, 437 F. Supp. 843, 860–861 (MD Fla. 1977); *Wilson* v. *Zant*, 249 Ga. 373, 377–379, 290 S. E. 2d 442, 447–448, cert. denied, 459 U. S. 1092 (1982).

Many courts have noted the conflict, but have declined to take a position. See, *e. g., United States* v. *Scalf*, 708 F. 2d 1540, 1545–1546 (CA10 1983); *United States* v. *Downing*, 665 F. 2d 404, 409, n. 5 (CA1 1981).

[2] See, *e. g.*, 812 F. 2d, at 1193 (case below); *United States* v. *Quinn*, 815 F. 2d 153, 160 (CA1 1987); *United States* v. *Morales*, 788 F. 2d 883, 886–887 (CA2 1986).

to resolve the conflict which has existed since *Tucker*, and answer the question presented here.