Nina WILLIAMSON, Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,
a foreign insurer, Defendant.**

No. Civ–00–2460–PHX–ROX.

United States District Court,
D. Arizona.

Aug. 21, 2001.

Charles J. Surrano, III, John Neal Wilborn, Surrano Law Offices, Steve M. Tidmore, Ilya Elena Reiner, Law Office of Steve M. Tidmore, Phoenix, AZ, for plaintiff.

Floyd P. Bienstock, Karl Michael Tilleman, Robert Jerome Moon, Steptoe & Johnson LLP, Evan S. Goldstein, Herman Goldstein & Forsyth PC, Phoenix, AZ, for defendant.

## ORDER

SILVER, District Judge.

Pending before the Court is Defendant's Motion to Dismiss. Having considered the arguments set forth by the parties in their pleadings, the Court will grant Defendant's Motion to Dismiss, but will allow Plaintiff leave to amend Counts Two and Three of the Amended Complaint.

### *Background*

On November 29, 2000, Plaintiff Nina Williamson ("Plaintiff") commenced this action against Allstate Insurance Company ("Defendant") setting forth the following three claims: (1) Count One alleging that Defendant acted in bad faith; (2) Count Two alleging that Defendant violated Arizona's Consumer Fraud Act, A.R.S. § 44–1521, *et seq.;* and (3) Count Three alleging that Defendant violated Arizona's Unfair Claims Practice Act, A.R.S. § 20–411, *et seq.*[1] Based on this Court's diversity jurisdiction under 28 U.S.C. § 1332, Defendant removed this action to this Court on December 27, 2000.[2]

Plaintiff set forth the following allegations in the Amended Complaint. Defendant is in the business of selling, marketing, and issuing insurance policies. (Amend.Comp. ¶ 3.) Plaintiff purchased an automobile liability policy from Defendant, identified as Allstate Policy No. 038916780. (*Id.* ¶ 4.) This policy provided coverage for "uninsured motorist" liability, whereby Defendant was required to reimburse Plaintiff for any injuries or damages caused by an uninsured motorist. (*Id.* ¶¶ 5–6.) On March 21, 1999, a vehicle oper-

---

1. On December 19, 2000, Plaintiff filed an Amended Complaint which serves as the basis for Defendant's Motion to Dismiss.

2. The parties do not dispute that this action was properly removed to this Court.

ated by an uninsured motorist negligently collided with Plaintiff's vehicle, causing Plaintiff to sustain injuries and damages allegedly covered by the provisions of her policy with Defendant. (*Id.* ¶¶ 7–8.)

In Count Two of Plaintiff's Amended Complaint, she alleged that Defendant made representations about its insurance policies which provided that it would treat its customers "fairly, honestly, reasonably, promptly and courteously." (*Id.* ¶¶ 21–22.) Defendant intended to induce people to purchase its policies by marketing and promoting its image as "The Good Hands People." (*Id.* ¶ 23.) Plaintiff further alleged that while "deceptively and through false pretense promoting itself," Defendant adopted a corporate policy of "underpaying claims, forcing its insureds to litigation and denying valid claims and benefits." (*Id.* ¶ 24.) Plaintiff therefore alleged that Defendant violated Arizona's Consumer Fraud Act, A.R.S. § 44–1521, *et seq.* (*Id.* ¶ 25.)

In Count Three, Plaintiff alleged that Defendant circulated brochures and sales material, and made statements which misrepresented the benefits or advantages of its insurance policies. (*Id.* ¶ 28.) Defendant also published advertisements regarding its business which were false or misleading. (*Id.* ¶ 29.) Plaintiff therefore alleged that Defendant committed unfair insurance practices in violation of A.R.S. § 20–411, *et seq.* (*Id.* ¶ 30.)

On February 23, 2001, Defendant filed a Motion to Dismiss Counts Two and Three of Plaintiff's Amended Complaint.

### Discussion

### I. Legal Standard For Motion to Dismiss

In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). "A complaint should not be

dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995)). "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, 1197 (9th Cir.1998) (citing *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir.1993)).

### II. Defendant's Motion to Dismiss Counts Two and Three of Plaintiff's Amended Complaint

Defendant argues that both Counts Two and Three of Plaintiff's Amended Complaint should be dismissed because they fail to allege fraud with particularity in compliance with Fed.R.Civ.P. 9(b), which provides that "[i]n all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b); *see also Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989).

### A. Whether Plaintiff Must Comply with the Pleading Requirements of Fed. R.Civ.P. 9(b)[3]

■ Plaintiff argues that Fed.R.Civ.P. 9(b)'s particularity requirement does not apply to its claims. Plaintiff asserts that "[b]ecause Fed.R.Civ.P. 9(b) is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the Federal Rules, its scope of application should be construed narrowly and [does] not extend to other legal theories or defenses." (Resp. at 7.) Plaintiff supports this position by setting forth two arguments. First, Plaintiff argues that because "the elements of common law fraud differ from the elements of statutory fraud, it is illogical to assume that the heightened pleading standard automati-

**3.** Because this case is in federal court, the *manner* in which Plaintiff must allege her fraud claims is governed by the Federal Rules of Civil Procedure. *See Taylor v. United States,* 821 F.2d 1428, 1432 (9th Cir.1987) (stating that although state substantive law governed the plaintiff's

claims under the Federal Tort Claims Acts, the Federal Rules of Civil Procedure determined the manner and time in which defenses could be raised and when waiver occurred), *cert. denied,* 485 U.S. 922, 108 S.Ct. 1093, 99 L.Ed.2d 255 (1988).

cally applies." (*Id.*) Second, Plaintiff asserts that "simply because Plaintiff's claims regarding unfair advertising practices arise under the 'fraud' statute, it does not follow that the heightened pleading standard applies." (*Id.*)

Both of Plaintiff's arguments fail. The plain language of Rule 9(b) requires a plaintiff to plead "all" averments of fraud with particularity. Although Plaintiff argues that this particularity requirement does not apply to her statutory claims, Plaintiff has failed to offer any Ninth Circuit authority limiting Rule 9(b)'s broad language. The Ninth Circuit has addressed this issue, when it applied Rule 9(b) to federal statutory security fraud claims, and stated, "we are not free to override the clear language of Rule 9(b), which refers unequivocally to 'fraud', and makes no distinction between common law fraud and modern statutory causes of action based on fraud." *In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1545 n. 3 (9th Cir.1994) (citation omitted).

Further, Counts Two and Three are founded on allegations that Defendant violated Arizona statutory law because of its false and deceptive representations about its insurance policies. (*See* Amend.Compl. ¶¶ 21–32.) Thus, the Court agrees with Defendant that because Counts Two and Three rely on classic allegations of fraud and misrepresentation, they are subject to Rule 9(b)'s specificity requirement. *See* Black's Law Dictionary (7th ed.1999) (defining "fraud" as a "knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment."); *Bly–Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir.2001) ("[C]omplaints brought under the [federal False Claims Act, 31 U.S.C. § 3729(a),] must fulfill the requirements of Rule 9(b)—defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts."); *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, 1139 (1982) ("A.R.S. § 20–443 ... deals with unfair practices and frauds in the transaction of the insurance business."), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982).

### B. Whether Plaintiff has Plead Fraud in Compliance with Fed.R.Civ.P. 9(b)

The particularity requirement of Rule 9(b) requires claims for fraud "to be pled with sufficient specificity to allow a defendant an opportunity to defend against the claim, rather than simply deny they have done anything wrong." *Foster v. Allstate Ins. Co.*, No. 93–0960–BTM, 1995 WL 396646, at *2 (S.D.Cal. Oct. 7, 1993) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985)). Pursuant to Fed.R.Civ.P. 9(b), "in order for a complaint to allege fraud with the requisite particularity, 'a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'"[4] *Yourish v. Cal. Am-*

---

4. The parties dispute what elements of fraud Plaintiff must plead, pursuant to Arizona substantive law, to withstand Defendant's Motion to Dismiss. (*See* Mot. Dismiss at 3–5; Resp. at 5–7.) Plaintiff argues that she is not required to plead "the nine elements" of common law fraud under Arizona law, because "the elements of common law fraud are separate from statutory fraud." (Resp. at 5.) The Court acknowledges that the "elements of a claim for relief under the Consumer Fraud Act are not necessarily identical to the elements of a common law fraud action. A violation of the Act is more easily shown." *See Peery v. Hansen*, 120 Ariz. 266, 585 P.2d 574, 577 (1978); *Murry v. Western Mortgage Co.*, 124 Ariz. 387, 604 P.2d 651, 654 (1980) ("[T]he elements of a claim for relief [under the Consumer Fraud Act] are not necessarily identical to those of a common law fraud action.") (citing *Peery*, 585 P.2d at 577).

Because Plaintiff has admitted that she asserts Count Three pursuant to A.R.S. § 20–443, Plaintiff must plead with particularity the statutory elements found in this provision. *See Haisch v. Allstate Ins. Co.*, 197 Ariz. 606, 5 P.3d 940, 944–45 (2000) ("A misrepresentation in violation of A.R.S. § 20–443 is one that concerns the 'terms' of a policy, its 'benefits' or 'advantages,' or its 'true nature.'"). It is unclear which elements Plaintiff must plead in Count Two, because Plaintiff has failed to set forth the explicit provision or provisions under which she has brought this claim, though apparently because of her mistaken belief that her claims need not be plead under Fed.R.Civ.P. 9(b). Plaintiff has stated that she "identifies the complete Consumer Fraud Act as establishing the basis for liability and not the

plifier, 191 F.3d 983, 993 (quoting *In re GlenFed,* 42 F.3d at 1548).

■ The Court agrees with Defendant that Plaintiff has failed to allege fraud with particularity in Counts Two and Three. In Count Two, Plaintiff has failed to set forth the content of any false representation giving rise to Plaintiff's claim, other than that Defendant promoted itself as "The Good Hands People." (*See* Amend.Compl. ¶¶ 21–23.) *See also Moore,* 885 F.2d at 541. Plaintiff has also failed to allege with particularity what representations were false and why they were false. *Yourish,* 191 F.3d at 993. Count Three is even more unspecific. While Plaintiff alleges that Defendant circulated brochures and sales material, and made statements which misrepresented the benefits or advantages of its insurance policies, Plaintiff has failed to identify the content of any alleged misrepresentation. (Amend.Compl. ¶ 28.) *See also Moore,* 885 F.2d at 541. Accordingly, Plaintiff has also failed to allege with particularity why such statements or representations were false. *Yourish,* 191 F.3d at 993.

Although Plaintiff argues, in a conclusory fashion, that the facts pled in her Amended Complaint meet the particularity requirements of Rule 9(b), Plaintiff has failed to apply Rule 9(b) to the facts she alleged. (*See* Resp. at 8–10.) The Court is concerned with Plaintiff's failure to do so. It appears, however, that Plaintiff concedes that Counts Two and Three have not been plead with sufficient particularity pursuant to Fed.R.Civ.P. 9(b). In her Response, Plaintiff merely argues that because Defendant removed this action to this Court after she filed her Amended Complaint in state court, "the case law requiring special pleadings for fraud cases in federal court would be unjustly applied to a claim initiated in state court[.]"[5] (Resp. at 10; *see also id.* at 2 ("Assuming

arguendo that Rule 9(b) applies to claims asserted by plaintiff, the appropriate remedy is not to Dismiss the two counts, but rather, to grant leave to amend the Complaint to bring it into compliance with Rule 9(b).")).

Plaintiff has failed to rebut Defendant's convincing argument that Counts Two and Three of the Amended Complaint do not meet the particularity requirements of Rule 9(b). Thus, the Court will grant Defendant's Motion to Dismiss Counts Two and Three for failure to plead fraud with particularity.

### C. Leave to Amend

Plaintiff requests leave to amend her Amended Complaint, so that she may plead Counts Two and Three with sufficient particularity under Rule 9(b). (Resp. at 10.)

■ In exercising the Court's discretion to allow leave to amend a complaint, the Court must be guided by the command of Fed.Civ. R.P. 15(a), which provides that "leave shall be freely given when justice so requires." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (citing Fed.R.Civ.P. 15(a)). The Court should examine five factors when assessing whether to allow leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Id.*

■ When dismissing for failure to state a claim, the Court should grant leave to amend even if no express request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegations of other facts. *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995); *see also Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."), *cert. denied,*

individual provisions of the Act." (Resp. at 6.) In order to allow Defendant the opportunity to defend against this claim and to plead such claim with sufficient particularity, Plaintiff must elaborate on which provision or provisions of the Consumer Fraud Act serve as the basis for Count Two. *Foster,* 1995 WL 396646 at *2; *see also Parks,* 591 P.2d at 1008 (providing the elements for a cause of action brought pursuant to A.R.S. § 44–1522).

5. The Court questions the credibility of Plaintiff's position in light of the Arizona Court of Appeals' broad statement that "[a]llegations of fraud must be plead with particularity." *Parks v. Macro-Dynamics, Inc.,* 121 Ariz. 517, 591 P.2d 1005, 1008 (1979) (applying Ariz.R.Civ.P. 9(b), which is identical to Fed.R.Civ.P. 9(b), to both statutory and common law fraud claims).

516 U.S. 1142, 116 S.Ct. 977, 133 L.Ed.2d 897 (1996); *Shermoen v. United States,* 982 F.2d 1312, 1319 (9th Cir.1992) (" '[A] district court does not err in denying leave to amend where the amendment would be futile.' ") (quoting *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992)), *cert. denied,* 509 U.S. 903, 113 S.Ct. 2993, 125 L.Ed.2d 688 (1993).

■ Although Plaintiff has previously amended her Complaint, she has not previously requested leave of this Court to do so. Nothing in the record indicates Plaintiff's bad faith or shows that allowing Plaintiff leave to amend will cause undue delay or will prejudice Defendant. (*See* Reply at 8.) Defendant's only objection to Plaintiff's request to amend her Amended Complaint is that such amendment will be futile, because "[t]he procedural deficiencies of Plaintiff's complaint are compelling evidence of more important underlying substantive deficiencies." (*Id.*) Defendant also argues that Plaintiff "failed to plead Counts II and III with sufficient particularity because she cannot do so." (*Id.*) Defendant's argument is mere speculation and Defendant has failed to offer any legal authority stating that because Plaintiff has failed to plead fraud with particularity, any amendment would be futile.

The Court finds that Plaintiff may cure the particularity defects in her Amended Complaint by setting forth allegations of other facts aimed at establishing both of her fraud-based claims. *Doe,* 58 F.3d at 497. The Court will therefore allow Plaintiff one additional time to amend Counts Two and Three to set forth allegations in compliance with Fed.R.Civ.P. 9(b) and this Order.

### III. Defendant's Motion to Dismiss Pursuant to the Unfair Claims Practice Act

Defendant argues that Count Three, which alleges that Defendant violated unspecified provisions of the Unfair Claims Practices Act, should be dismissed because A.R.S.

§ 20–461(D) "bars any private right of action arising out of violations of the insurance practices coved by that particular section[.]" (Mot. Dismiss at 2.)

A.R.S. § 20–461 makes it illegal for an insurance company to misrepresent "pertinent facts or insurance policy provisions" as a general business practice. A.R.S. § 20–461(A)(1). In support of its Motion, Defendant cites A.R.S. § 20–461(D), which provides: "Nothing contained in this section is intended to provide any private right or cause of action to or on behalf of any insured or uninsured resident or non-resident of this state. It is, however, the specific intent of this section to provide solely an administrative remedy to the director for any violation of this section or rule related thereto." A.R.S. § 20–461(D).

In the Response, Plaintiff concedes that A.R.S. § 20–461(D) bars any private right of action she may have under this provision.[6] (Resp. at 3.) Plaintiff, however, argues that a review of her Amended Complaint "demonstrate[s] that [her] claims are largely premised upon the false advertising provisions of the Act contained in [A.R.S.] § 20–443."[7] (*Id.*) Plaintiff asserts that under A.R.S. § 20–443, the Supreme Court of Arizona expressly authorized private causes of action. (Resp.Mot. Dismiss at 2.) Plaintiff cites *Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982), in support of her position. In *Sparks,* the Supreme Court of Arizona stated: "The considerations which lead us to conclude that a private cause of action exists under the Consumer Fraud Act are also present in the context of the Arizona Insurance Code. A.R.S. § 20–443 is found under Chapter 2, Article 6, which deals with unfair practices and frauds in the transaction of the insurance business." *Id.* at 1139; *see also Haisch,* 5 P.3d at 944 ("A private right of action exists for damages caused by a

---

6. Accordingly, the Court will grant Defendant's Motion to Dismiss with regard to all allegations in Count Three which relate to A.R.S. § 20–461. (*See* Reply at 7.)

7. A.R.S. § 20–443 provides: "A person shall not make, issue or circulate, or cause to be made,

issued or circulated, any estimate, illustration, circular, sales material or statement: 1. *Misrepresenting the terms of any policy issued* or to be issued or the benefits or advantages promised or the dividends or share of the surplus to be received." A.R.S. § 20–443 (emphasis added).

violation of section 20–443.") (citing *Sparks*, 647 P.2d at 1138–39).

Defendant concedes that Arizona allows private causes of action under § 20–443. (Mot. Dismiss at 2; Reply at 6.) Defendant, however, argues that Plaintiff's "all-encompassing pleading style" insufficiently alleged her claim pursuant to Fed.R.Civ.P. 8, and that it was required to "guess what section Plaintiff asserts it violated." (Reply at 7.) Defendant further argues that "Plaintiff's failure to specify the particular statutory provision or provisions [Defendant] allegedly violated is, in itself, a sufficient reason to dismiss Count [Three]." (*Id.*) Because the Court has found that Plaintiff must plead the allegations in Count Three with *particularity* pursuant to Fed.R.Civ.P. 9(b), the Court need not address whether this claim was sufficiently plead under Fed.R.Civ.P. 8.

Accordingly,

**IT IS ORDERED** that Defendant' Motion to Dismiss [Doc. # 12.] is granted with leave to amend Counts Two and Three of Plaintiff's Amended Complaint. All allegations in Count Three which relate to A.R.S. § 20–461 are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Court grants Plaintiff leave to amend if she can in good faith amend Counts Two and Three of her Amended Complaint to comply with Fed.R.Civ.P. 9(b) and the provisions of this Order. Plaintiff must file a sufficiently plead Second Amended Complaint with the Court within fifteen (15) days from the date of this Order. If Plaintiff fails to comply with this Order, the Court will dismiss Counts Two and Three with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992), *cert. denied*, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992).