**Jeffrey James WORDEN, Petitioner–Appellant,**

v.

**Barry MCLEMORE, Warden, Respondent–Appellee.**

No. 02–1599.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2004.

Marla R. McCowan, Detroit, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Lansing, MI, for Respondent–Appellee.

Before: BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

BATCHELDER, Circuit Judge.

Petitioner-appellant Jeffrey James Worden appeals the district court's April 22,

2002, order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Finding no error in the district court's conclusion that the state courts' adjudication of Worden's claims did not result in a judgment that was contrary to or involved an unreasonable application of clearly established federal law, we AFFIRM the district court's judgment.

## I.

The facts in this case are not in dispute. Worden was arrested for a weapons offense, and while being interrogated by a sheriff's deputy on September 22, 1994, Worden requested an attorney. Despite his request, the questioning continued, and the deputy obtained information which officers later used to obtain a search warrant for Worden's van. In the van, the police officers found approximately 137 grams of cocaine, which they seized, along with other narcotics paraphernalia.

Worden was charged with possession with intent to deliver more than 50 but less than 225 grams of cocaine in violation of M.C.L. § 333.7401(2)(a)(iii). He moved before trial to suppress both his statement and the cocaine because it had been discovered through information obtained as a result of custodial interrogation that, because it continued after he had requested counsel, violated his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Finding that Worden had invoked his right to counsel during questioning, the trial court suppressed his statements. The trial court refused to exclude the cocaine, however, holding that Worden's statements to the deputies were

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

voluntary and the evidence to which those statements led was not, therefore, required to be excluded. On February 1, 1996, a jury convicted Worden of possession with intent to deliver more than 50 but less than 225 grams of cocaine. Worden's conviction was affirmed by the state appellate court, which held that the deputies' violation of the prophylactic *Miranda* rules did not rise to the level of a constitutional violation requiring suppression of the cocaine. The Michigan Supreme Court denied his application for leave to appeal. Worden's petition for a writ of certiorari to the United States Supreme Court was denied.

Worden timely filed this action seeking habeas corpus review in the district court on March 21, 2000. Expressing dissatisfaction with the result it concluded the law required, the district court denied relief because it found that the state courts' refusal to suppress the cocaine discovered as a result of an unlawful interrogation was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See Worden v. McLemore*, 200 F.Supp.2d 746 (E.D.Mich.2002). The correctness of that decision is the sole issue before us now on appeal.

## II.

We review a district court's denial of a writ of habeas corpus de novo. *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996). Because Worden filed this habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), our review is governed by 28 U.S.C. § 2254 as amended by AEDPA. We must presume that state court findings of fact are correct unless they are rebutted by clear and convincing evidence. 28

U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir.1998). We may not grant an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court with respect to any claim whose merits the state court adjudicated, unless the adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To prevail in his quest for habeas relief, Worden must demonstrate that the state court's failure to apply the fruit of the poisonous tree doctrine in this case was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. A decision is contrary to the Supreme Court's clearly established precedent only if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different" from the Supreme Court's precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., for the Court). A decision involves an unreasonable application of federal law only if it is objectively unreasonable. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

at 411. Of particular importance here, the phrase " 'clearly established Federal law, as determined by the Supreme Court of the United States' ... refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412.

Jeffrey Worden claims that his van was searched and the cocaine in it was found as a result of information obtained by means of a custodial interrogation that violated his rights under the Supreme's Court's decisions in *Miranda* and *Edwards.* Worden argues that the cocaine discovered in the search of his vehicle should have been suppressed under the "fruit of the poisonous tree" doctrine. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Worden does not claim—nor can he successfully claim—that the United States Supreme Court has held that evidence obtained by officers following a violation of the *Miranda* and *Edwards* rules must be suppressed. As the district court correctly observed, that question was expressly left open by the Court in *Michigan v. Tucker,* 417 U.S. 433, 447, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), and has not yet been resolved. And to the extent that the question has been impacted by the Supreme Court's announcement in *Dickerson v. United States,* 530 U.S. 428, 431–32, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), that *Miranda,* although long-characterized by the Court as a prophylactic rule, is constitutionally based, any such impact is not material here, because *Dickerson* well post-dates the state court decisions at issue in this habeas proceeding. Worden therefore cannot show that the state court's holding in this case was "contrary to" the Supreme Court's clearly established precedent.

Instead, Worden focuses on the "unreasonable application" prong of the statute. Worden has emphasized throughout this appeal that state supreme courts and federal appeals courts disagree over whether the fruit of the poisonous tree doctrine applies to an *Edwards* violation. Noting the split of opinion on the issue, Worden argues that "[t]he cases ... holding that an *Edwards* violation does produce fruit of the poisonous tree have the better argument." Whether or not that is true, it is immaterial here. Worden himself points this court to no less than three federal circuit courts that have refused to apply the fruit of the poisonous tree doctrine to *Edwards* violations. *See Howard v. Moore,* 131 F.3d 399, 413–14 (4th Cir. 1997); *Greenawalt v. Ricketts,* 943 F.2d 1020, 1026–27 (9th Cir.1991); *United States v. Cherry,* 794 F.2d 201, 207–08 & n. 6 (5th Cir.1986). This disagreement among the courts demonstrates beyond peradventure that the rule Worden asks us to apply is not "clearly established federal law as determined by the United States Supreme Court."

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams,* 529 U.S. at 411. As the district court correctly stated in denying the petition, "[This] Court cannot say that [the state court's] decision was an unreasonable application of Supreme Court precedent, where clearly established Federal law on the issue did not and does not exist." *Worden,* 200 F.Supp.2d at 753.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.