NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRYAN FITZ, et al., *Plaintiffs/Appellants,*

*v.*

COLTON GROUP LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0259
FILED 2-13-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-016498
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Mick Levin, PLC, Phoenix
By Mick Levin
*Counsel for Plaintiffs/Appellants*

Renaud Cook Drury Mesaros, PA, Phoenix
By Steven G. Mesaros, Kelly A. Hedberg
*Co-Counsel for Defendants/Appellees*

Springel & Fink, LLP, Phoenix
By Leonard T. Fink, Thomas G. Levine
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

¶1        Plaintiffs Bryan Fitz ("Fitz") and Sage Fitz appeal the superior court's order granting summary judgment to defendant Colton Group, LLC.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On December 16, 2012, Fitz sustained serious injuries in a traffic accident caused by Jeffrey Barnes, who was driving while intoxicated.  Within three weeks after the accident, Fitz retained attorney Richard Gaxiola to pursue his personal-injury claims.  Although Gaxiola assisted Fitz in recovering insurance proceeds, he did not look into where Barnes had been drinking, and he ultimately filed no suit against Barnes or any other individual or entity.  Gaxiola had litigated prior dram-shop cases, but had no discussion with Fitz about pursuing such a claim on his behalf.

¶3        Barnes was charged criminally in the crash and pled guilty in 2016.  At Barnes's sentencing, Fitz asked the prosecutor where Barnes had been drinking the day of the crash.  On May 10, 2016, Fitz received an email from the prosecutor's office stating that Barnes had been drinking at a restaurant called Cocomo Joe's.

¶4        On December 14, 2016 – almost four years after the crash – Fitz sued Colton Group, doing business as Cocomo Joe's,  alleging statutory and common-law dram-shop claims.[1]  After discovery addressing the timeliness of the suit, Colton Group moved for summary judgment, arguing that the two-year statute of limitations barred Fitz's claims.  Fitz countered that his complaint was timely because his claim did not accrue until he received the email from the prosecutor.

¶5        The superior court granted the motion and dismissed the complaint.  We have jurisdiction over the Fitzes' timely appeal pursuant to

---

[1]     Fitz also named Gaxiola as a defendant, alleging legal malpractice, but later dismissed that claim.

Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2020) and -2101(A)(1) (2020).[2]

## DISCUSSION

**¶6** We review *de novo* the grant of summary judgment, viewing the facts "in the light most favorable" to the party against whom the judgment was entered. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). When there is no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law," we will affirm a grant of summary judgment. Ariz. R. Civ. P. 56(a); *accord Thompson v. Pima County*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

**¶7** The statute of limitations on a dram-shop claim is two years. A.R.S. § 12-542 (2020); *Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 241, ¶ 2 (App. 2000). When an injury or the act causing an injury is difficult to detect, the discovery rule can toll the statute of limitations. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 590 (1995). Under that rule, "a cause of action does not 'accrue' until a plaintiff discovers or by the exercise of reasonable diligence should have discovered" the identity of the particular entity that caused the harm. *Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 181, 183 (App. 1988) (citation omitted).

**¶8** "The rationale behind the discovery rule is that it is unjust to deprive a plaintiff of a cause of action before the plaintiff has a reasonable basis for believing that a claim exists." *Gust*, 182 Ariz. at 589. Our supreme court explained:

> A common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, have been difficult for the plaintiff to detect. . . . Thus, there is an underlying notion that plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed.

*Id.* (quoting *April Enters. v. KTTV*, 195 Cal. Rptr. 421, 436 (App. 1983)). When a plaintiff knows he has been harmed, however, the law imposes on him the duty to investigate fault and "whether any basis exists for legal action." *Walk v. Ring*, 202 Ariz. 310, 314, 316-17, ¶¶ 16, 25 (2002).

---

2       Absent material revision after the relevant date, we cite the current version of a statute or rule.

¶9            Fitz argues that the statute of limitations did not begin to run on his dram-shop claim until he discovered in May 2016 that Barnes had been drinking at Cocomo Joe's. Having incurred serious injuries in the traffic accident, however, he was obligated to investigate the cause of those injuries, including the identity of any responsible party. *Id.* at 316-17, ¶ 25.

¶10            Fitz argues no evidence in the record establishes he could have learned of Colton Group's identity any earlier than he did. He argues that, under these circumstances, a jury should decide whether he should have known to investigate where Barnes had been drinking and whether the statute of limitations was tolled.

¶11            Fitz's argument disregards that it was his burden under the discovery rule to show he acted diligently. Under that rule, in response to Colton Group's motion for summary judgment, Fitz needed to show that, in the exercise of reasonable diligence, he was unable to discover Colton Group's identity within the limitations period. *See, e.g., Doe v. Roe*, 191 Ariz. 313, 323, ¶¶ 32-33 (1998).

¶12            Fitz, however, made no showing that he acted with reasonable diligence in ascertaining facts to support a claim against any establishment at which Barnes was drinking before the crash. In fact, Fitz and his attorney did not investigate any possible cause of action against a potential dram-shop defendant before the statute of limitations expired.

¶13            Fitz's lawyer testified he knew that Barnes was cited after the crash for driving while under the influence. Before the statute of limitations expired, Fitz could have asked Barnes where he had been drinking. Fitz argues that Barnes would not have cooperated, given the pending criminal charges against him. But if he had been reasonably diligent, Fitz could have interviewed witnesses to Barnes's conduct the day of the crash or sued Barnes, then subpoenaed his bank, vehicle-navigation, cell-phone, or credit-card records to determine whether Barnes had been drinking at a commercial establishment. He could have asked the prosecutor years before he did about what the criminal investigation of Barnes disclosed; he could have subpoenaed the case file from the prosecutor's office. Because Fitz offered no explanation on summary judgment to explain his failure to timely investigate, there is no triable issue of fact to submit to the jury on the question of his diligence.

¶14            Viewing the reasonable inferences in the light most favorable to Fitz, the superior court properly granted summary judgment to Colton Group. *See Walk*, 202 Ariz. at 316, ¶ 23.

## CONCLUSION

¶15          For the reasons stated above, we affirm.  Because of the manner in which we resolve the appeal, we need not address Fitz's argument concerning the naming of fictitious entities.  We award Colton Group its costs on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA